[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the Commissioner of Transportation's motion to refer this condemnation appeal to a judge trial referee and for the simultaneous exchange of appraisal reports. The Commissioner's motion is opposed by the defendant on the grounds that the underlying condemnation was perfected in violation of the automatic bankruptcy stay (11 U.S.C. § 362). On August 31, 2001, Judge Peck heard the defendant's challenge to the court's jurisdiction and held that the court had subject matter jurisdiction over the underlying condemnation.
Judge Peck held "while the bankruptcy stay may oust the jurisdiction of the State Court so as to stay its power to proceed without the consent of the Bankruptcy Court while the bankruptcy petition remains pending, this court fundamentally has subject matter jurisdiction over condemnation proceedings." Decision at 22.
In footnote 17 of the memorandum of decision Judge Peck suggested that there were alternative procedural mechanisms available to the parties to move the case forward.
 FACTS
Mr. Krawski filed a petition under Chapter 12 on February 14, 1992. On December 29, 1992 that petition was still pending before the court. At that time, he owned 18.62 acres in South Windsor which was being used for the sale of sheds and gazebos. The Commissioner needed 740 square feet of Mr. Krawksi's land to build a ten foot snow shelf and install highway drainage. The object of the overall project was to expand Buckland Road from two to four lanes in order to make the traffic flow more efficient and safe.
On January 3, 1992, property agent, Jean Benoit, met with Mr. Krawski to explain the State's project, confirm the status of the title and present the Commissioner's offer. Mr. Krawski confirmed that he owned the CT Page 14503 subject property and rejected the Commissioner's offer. Ms. Benoit never heard from Mr. Krawski again.
On December 29, 1992, the Commissioner acquired 740 square feet of Mr. Krawski's land by eminent domain.
Between February 14, 1992 and March 12, 1999 Mr. Krawski never filed any written notice of his bankruptcy with the Commission of Transportation. He did not file any bankruptcy notices on the South Windsor Land Records. He did not file any bankruptcy notices with the Connecticut Superior Court. He did not give notice of the condemnation to the United States Bankruptcy Court or to the United States Trustee. He did not list the condemnation on his bankruptcy schedule of assets. He never disclosed the asset to any of his creditors.
The bankruptcy case has now been closed. A notice of voluntary dismissal of adversary proceeding was filed in the Bankruptcy Court on November 5, 2002. That notice provided:
 "The plaintiff, William Joseph Krawski, Sr. (`plaintiff'), pursuant to Bankruptcy Rule 7041 and Fed.R.Civ. p. 41 (a)(1)(i) hereby dismisses the above-captioned adversary proceeding. No adverse party has filed an answer or motion for summary judgment in this adversary proceeding."
 11 U.S.C. § 362 (b)(4) provides an exemption for government agencies from the automatic stay when they are taking action to enforce the governmental unit's police or regulatory power.
Senator Dennis Deconcini of Arizona (Senate Floor Manager for the Act) explained the purpose of the exemption as follows:
 "Section 362(b)(4) indicates that the stay under Section 362(a)(1) does not apply to affect the commencement or continuation of an act or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power. This section is intended to give a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate."
124 Congressional record, Section 17406 reprinted in 1978 U.S. Code CT Page 14504 Cong. and Admin. News 6436, 6506.
The court questions whether the debtor has a standing to raise this issue of a stay intended to protect creditors and the trustee. The court questions whether the debtor may be estopped to raise a stay concerning which he never gave timely notice. The court recognizes a split in the federal case law on the question of whether a violation of the stay produces action which is void or voidable. The court addresses none of those questions. The court finds that the widening of a road for safety purposes is an action "by a governmental unit to enforce such governmental unit's police or regulatory powers." Accordingly, the court finds that this taking was not stayed by the automatic stay.
The matter is referred to a judge trial referee. The parties are directed to contact Civil Caseflow for the name of the judge trial referee. The parties are directed to exchange appraisals within sixty days of the notification of the assignment to a specific referee.
BY THE COURT
___________________ Kevin E. Booth, J. CT Page 14505